UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIRGINIA E. SCARPINO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:12CV1458 HEA |
| | ) |
| DAVID H. BOXIAN, et al., | ) |
| | ) |
| Defendants, | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Compel Defendant's Initial Disclosures, [Doc. No. 12], Plaintiff's Motion for Default Judgment Against Defendants, [Doc. No. 18], Defendants Martin H. Bodian and Bodian & Bodian's Motion to Set Aside Clerk's Entry of Default, [Doc. No. 25], and Plaintiff's "Motion for Enlargement of Time for Clerk of Court to Effect Personal Service on Behalf of In Forma Pauperis Plaintiff," [Doc. No. 30].

Plaintiff's Motion to Compel initial disclosures is denied.  Pursuant to Rule 26(a)(1)(C), a party is not required to make the initial disclosures at or within 14 days after the parties' Rule 26(f) conference.  The Court has not yet set a scheduling conference in this matter, and therefore, no disclosures are due.

Defendants Martin H. Bodian and Boxian & Bodian's Motion to Set Aside Clerk's Entry of Default is granted.  The Court agrees with Defendants that entry

of default judgment is a rare judicial act, *Comiskey v. JRTJ Corp*, 989 F.2d 1007, 1009 (8th Cir. 1993), and that adjudication should be on the merits. *Johnson v. Dayton Elec. Mfg. Co.*, 140 F.3d 781, 784 (8th Cir. 1998). Plaintiff has demonstrated no prejudice which may or will be suffered in the event the Court sets aside the Clerk's entry of default. In light of the judicial policy that matters should be adjudicated on the merits rather than through default and Defendants' demonstration that the failure to file a responsive pleading was the result of excusable neglect, the Court grants the Motion to Set Aside Clerk's Entry of Default. The Entry of Default entered on December 12, 2012, is accordingly set aside.

Plaintiff's Motion for Default Judgment is denied as moot by reason of the Court's previous ruling.

Plaintiff's Motion for Extension of Time for Clerk to effect personal service on David Bodian is denied as Moot. Defendant David Bodian had appeared in this matter through counsel, thereby alleviating the need for personal service.

Dated this 5th day of June, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE