UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| VIRGINIA E. SCARPINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12CV1458 HEA |
| | ) | |
| DAVID H. BODIAN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# OPINION, MEMORANDUM AND ORDER

## Introduction

This matter is before the Court on Defendants' Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 35]. Plaintiff opposes the Motion, and the parties have filed extensive memoranda. For the reasons set forth below, the Motion is granted.

## Facts and Background

Because this case is before the Court on a motion to dismiss, and no jurisdictional discovery has been authorized or conducted, the factual background is necessarily drawn—at least in the first instance—from the factual allegations in Plaintiff's Complaint. In ruling on a motion to dismiss for lack of personal jurisdiction, pursuant to Rule 12(b)(2), however, this Court may also consider

affidavits and exhibits presented with the motion and in opposition to it. See *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc*., 702 F.3d 472, 474–75 (8th Cir.2012). Where appropriate or necessary, the Court has amplified the facts alleged in the Complaint with facts from such additional sources. For our purposes here, the focus is on facts relevant to personal jurisdiction, rather than all facts giving rise to the parties' dispute.

Plaintiff is a Missouri citizen; Defendants are "residents of and practice law in the State of New York, County of Suffolk." Defendants are partners in Bodian & Bodian, a New York limited liability partnership that maintains its principal place of business in Melville, New York.

The gravamen of Plaintiff's Complaint is that Defendants breached the "applicable standard of professional legal care and fiduciary duty owed to Plaintiff." Plaintiff alleges Defendants committed fraud and deceit by "usurpation of and interference with contract rights/intentional misrepresentations and non-disclosure/intentional fraudulent concealment of facts/documents/evidence, and. . .deceit by intentional misrepresentations, aiding and abetting, conspiracy; along with a pattern and practice of lies, dilatory conduct and contumacious defiance of court orders and directives."

Plaintiff's allegations further charge Defendants with failing to give her

certain legal documents and that Defendant David Bodian did not adequately represent Plaintiff in a lawsuit filed against Plaintiff in New York State Court.

Plaintiff's Complaint alleges that the Court "enjoys" personal jurisdiction over Defendants under the Missouri Long-Arm Statute, RSMo 506.5001(1)(3), "vis-a-vis New York Long-Arm Statute, CPLR 301, 302(1)(3)" because the defendants transacted substantial legal business within the State of Missouri through the use of the U.S. mail, delivery services, faxes, phone calls, numerous emails, contract negotiation, formations, and acceptance of payment. Plaintiff further alleges the Missouri courts have a significant interest in adjudicating cases involving legal services provided by out of state professionals to its residents "and the commission of tort creates a new legal relationship and status affecting tortfeasors."

This case arises out of the sale of Plaintiff's house, which is located in Suffolk County, New York. Plaintiff retained Defendants as her legal counsel in New York. Plaintiff contacted Bodian & Bodian at its New York offices. Plaintiff retained Bodian & Bodian to assist her in negotiating the sale of her house. Further, Defendants finalized the paperwork necessary for the sale to close. Plaintiff was living in New York at the time of these transactions. All meetings and conversations leading up to the sale of the house took place in New York.

Defendant David Bodian attended the closing in New York on December 30, 2008.

Additionally, Plaintiff asserts that Defendants failed to give her certain legal documents and that Defendant David Bodian did not adequately represent Plaintiff in a lawsuit filed against her by potential buyers who were seeking return of their earnest money. Plaintiff had, at that time, moved to Missouri, however, the suit was filed in New York and David Bodian represented Plaintiff in New York. The suit was settled in March, 2011.

## Discussion

Defendants seek dismissal of the Complaint on the ground that this Court lacks personal jurisdiction over them. Plaintiff vehemently disputes this position.

Defendants note that they lack sufficient "minimum contacts" with Missouri to support "general" jurisdiction, and Plaintiff does not present any serious argument otherwise, other than claiming Defendants' method of footnoting the general jurisdiction discussion is an underhanded tactic. Defendants do, however, argue that they lack sufficient "minimum contacts," from which any of Plaintiff's claims arise, for the exercise of "specific" jurisdiction to be proper, a contention that Plaintiff does dispute. More specifically, Defendants argue that they have not engaged in any business transaction in Missouri. They also argue that Plaintiff's

claims that Defendants "transacted substantial business" in Missouri "by U.S. mail, delivery services, faxes, phone calls, [and] numerous e-mails," do not rise to the level of "transacting business" for the purposes of long-arm jurisdiction in Missouri. Indeed, Defendants argue that these facts make clear that it in no way "purposefully availed" themselves of the benefits of doing business in Missouri, such that it could expect to be haled into court here, that forcing it to litigate in Missouri would offend traditional notions of fair play and substantial justice, and that the exercise of personal jurisdiction would, consequently, violate due process.

In contrast, Plaintiff contends that consideration of the pertinent factors demonstrates that exercising specific personal jurisdiction over Defendants would comport with due process. Plaintiff argues that the nature and quality of claims against Defendants gives rise to exercising jurisdiction because Missouri has an interest in protecting its citizens from fraud and misrepresentations, as she has alleged in her Complaint.

As the Eighth Circuit Court of Appeals recently explained, "Personal jurisdiction over a defendant represents the power of a court to enter 'a valid judgment imposing a personal obligation or duty in favor of the plaintiff.'" *Viasystems, Inc. v. EBM–Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592–93 (8th Cir.2011) (quoting *Kulko v. Superior Court of Cal.*, 436 U.S. 84, 91,

(1978)). Rule 12(b)(2) of the Federal Rules of Civil Procedure authorizes a pre-answer motion to dismiss for "lack of personal jurisdiction." Fed.R.Civ.P. 12(b)(2).

"To allege personal jurisdiction, 'a plaintiff must state sufficient facts in the complaint to support a reasonable inference that the defendants can be subjected to jurisdiction within the state.'" *Wells Dairy, Inc. v. Food Movers Int'l, Inc.*, 607 F.3d 515, 518 (8th Cir.) (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 1070, 1072 (8th Cir.2004)), cert. denied, ––– U.S. ––––, 131 S.Ct. 472 (2010). "If the defendant controverts or denies jurisdiction, the plaintiff bears the burden of proving facts supporting personal jurisdiction." *Id*. Its "showing must be tested, not by the pleadings alone, but by the affidavits and exhibits presented with the motions and in opposition thereto." *Id*. (internal quotation marks omitted). *Dairy Farmers of Am., Inc. v. Bassett & Walker Int'l, Inc.*, 702 F.3d 472, 474–75 (8th Cir.2012); *Pangaea, Inc. v. Flying Burrito, L.L.C.*, 647 F.3d 741, 744–45 (8th Cir.2011) ("Where, as here, 'the district court does not hold a hearing and instead relies on pleadings and affidavits, ... the court must look at the facts in the light most favorable to the nonmoving party, and resolve all factual conflicts in favor of that party.' " (quoting *Dakota Indus., Inc. v. Dakota Sportswear, Inc.*, 946 F.2d 1384, 1387 (8th Cir.1991), with internal citations omitted).

Although the Court may consider affidavits and other matters outside of the pleadings on a Rule 12(b)(2) motion, the pleader's burden, in the absence of an evidentiary hearing, is only to make a "minimal" prima facie showing of personal jurisdiction, and the Court "must view the evidence in the light most favorable to the [pleader] and resolve all factual conflicts in its favor in deciding whether the [pleader] has made the requisite showing." *K–V Pharm. Co. v. Uriach & CIA, S.A.*, 648 F.3d 588, 581–82 (8th Cir.2011). Notwithstanding that facts are viewed in the light most favorable to the pleader, "'[t]he party seeking to establish the court's *in personam* jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction." *Viasystems, Inc.*, 646 F.3d at 592 (quoting *Epps v. Stewart Info. Servs. Corp.*, 327 F.3d 642, 647 (8th Cir.2003)). The Eighth Circuit Court of Appeals reviews de novo orders granting dismissals pursuant to Rule 12(b)(2). *Johnson v. Arden*, 614 F.3d 785, 793 (8th Cir.2010).

The exercise of personal jurisdiction is only permissible when it comports with due process. See, e.g., *K–V Pharm. Co.*, 646 F.3d at 592.FN3 "Due process requires that a defendant have certain 'minimum contacts' with the forum state for personal jurisdiction to be exercised." *Myers v. Casino Queen, Inc.*, 689 F.3d 904, 911 (8th Cir.2012) (citing *International Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S.Ct. 154, 90 L.Ed. 95 (1945)). More specifically,

> Contacts with the forum state must be sufficient that requiring a party to defend an action would not "offend traditional notions of fair play and substantial justice." [*International Shoe Co.*, 326 U.S.] at 316, 66 S.Ct. 154, 90 L.Ed. 95 (internal quotation marks and citation omitted). "The 'substantial connection' between the defendant and the forum State necessary for a finding of minimum contacts must come about by an action of the defendant purposefully directed toward the forum State." *Asahi Metal Indus. Co. v. Super. Ct. of Cal.*, 480 U.S. 102, 112, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987) (internal citations omitted).
>
> We developed a five-factor test to evaluate whether a defendant's actions are sufficient to support personal jurisdiction: (1) the nature and quality of the contacts with the forum state; (2) the quantity of those contacts; (3) the relationship of those contacts with the cause of action; (4) [the state's] interest in providing a forum for its residents; and (5) the convenience or inconvenience to the parties. See, e.g., *Precision Const. Co. v. J.A. Slattery Co., Inc.*, 765 F.2d 114, 118 (8th Cir.1985) (noting that the first three factors are of primary importance and the last two of secondary importance).

*Myers*, 689 F.3d at 911.

Furthermore, although " '[p]ersonal jurisdiction can be specific or general,'" *Dairy Farmers of Am., Inc.*, 702 F.3d at 476 (quoting *Viasystems*, 646 F.3d at 593), only "specific" personal jurisdiction is at issue here. "'Specific jurisdiction refers to jurisdiction over causes of action arising from or related to a defendant's actions within the forum state....'" *Id.* (quoting *Miller v. Nippon Carbon Co., Ltd.*, 528 F.3d 1087, 1091 (8th Cir.2008)). In the five-factor test, "[t]he third factor distinguishes between specific and general [personal] jurisdiction." *Myers*,

689 F.3d at 911. This is so, because "[s]pecific personal jurisdiction, unlike general jurisdiction, requires a relationship between the forum, the cause of action, and the defendant." *Id*. at 912.

The Eighth Circuit Court of Appeals has clarified that it does not adhere to a "proximate cause standard" for the required connection between the defendant's contacts with the forum and the plaintiff's cause of action. See *id*.

> Rather, [the Eighth Circuit has] said specific jurisdiction is warranted when the defendant purposely directs its activities at the forum state and the litigation "result [s] from injuries ... relating to [the defendant's] activities [in the forum state.]" *Steinbuch v. Cutler*, 518 F.3d 580, 586 (8th Cir.2008). [The Eighth Circuit has] also emphasized the need to consider "the totality of the circumstances in deciding whether personal jurisdiction exists[,]" *K–V Pharm. Co. v. J. Uriach & CIA, S.A.*, 648 F.3d 588, 592–93 (8th Cir.2011) (citing *Johnson*, 614 F.3d at 794). This stance is consistent with other circuits which have focused on the need to adopt a flexible approach when construing the "relate to" aspect of the Supreme Court's standard. See *Nowak [v. Tak How Invs., Ltd.*, 94 F.3d 708,] 716 [ (1st Cir.1996) ] ("By this approach, we intend to emphasize the importance of proximate causation, but to allow a slight loosening of that standard when circumstances dictate. We think such flexibility is necessary in the jurisdictional inquiry: relatedness cannot merely be reduced to one tort concept for all circumstances.").

*Myers*, 689 F.3d at 913.

The primary basis on which Plaintiff asserts that specific personal jurisdiction over Defendants is appropriate is Defendants' use of the U.S. mail, delivery services, faxes, phone calls, numerous emails, contract negotiation,

formations, and acceptance of payment.

"Contact by phone or mail is insufficient to justify exercise of personal jurisdiction under the due process clause." *Porter v. Berall,* 293 F.3d 1073, 1076 (8th Cir.2002); *see also Digi–Tel,* 89 F.3d at 523 ("Although letters and faxes may be used to support the exercise of personal jurisdiction, they do not themselves establish jurisdiction."); *Toro Co. v. Advanced Sensor Tech.,* No. 08–248 (DSD/SRN), 2008 WL 2564336, at *3 (D.Minn. June 25, 2008) (finding that even "relatively large" amounts of electronic communication, without more, does not establish jurisdiction).

Moreover, in this case, the correspondence, received payments and other communications all dealt with the New York Property and had nothing to do with Missouri except that the owner of the property is a now Missouri resident. This Court finds that such contacts are not germane to whether this Court has personal jurisdiction over Defendants. It is, without dispute, the intentional contact with the forum state and not the incidental effect of an action outside the state that is relevant to this determination. *Oriental Trading Co. v. Firetti,* 236 F.3d 938, 943 (8th Cir.2001)).

Because Plaintiff cannot establish that Defendants had any qualifying contacts with the State of Missouri, the Court need not proceed with examination

of the remaining factors of the five part inquiry.

Due process requires that "[c]ontacts with the forum state must be sufficient that requiring a party to defend an action would not 'offend traditional notions of fair play and substantial justice,'" *Myers*, 689 F.3d at 911 (quoting *International Shoe Co.*, 326 U.S. at 316), and the court's consideration of "'the totality of the circumstances in deciding whether personal jurisdiction exists,'" *Id*. at 913 (quoting *K–V Pharm. Co.*, 648 F.3d at 592–93). Even viewing the totality of the facts in the light most favorable to Plaintiff, Plaintiff has failed to meet her "minimal" burden of proof to show that the balance of the factors weighs in favor of the exercise of personal jurisdiction over Defendants in this forum. Defendants' lack of direct contacts with this forum demonstrates that exercising personal jurisdiction over them in this forum would clearly "offend traditional notions of fair play and substantial justice." *Myers*, 689 F.3d at 911 (internal quotation marks and citations omitted).

Consideration of the relevant factors leads to the conclusion that, on the record here, dismissal for lack of personal jurisdiction over Defendants is warranted.

**Conclusion**

Plaintiff has failed to meet her "minimal" burden of proof to show any

contacts with the State of Missouri to establish any of the factors weighs in favor of the exercise of personal jurisdiction over Defendants in this forum.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction, [Doc. No. 35], is **Granted**.

**IT IS FURTHER ORDERED** that this matter is dismissed.

Dated this 8th day of August, 2013.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE